FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2017 JAN 23 PM 2:56

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

MICHELLE NARZE,

    Plaintiff,

vs.                          CASE NO.:   6:17-cv-104-ORL-31DCI

TARGET CORPORATION,

    Defendant.
_____/

## DEFENDANT, TARGET CORPORATION'S, NOTICE OF REMOVAL

To:    The Judges of the United States District Court
       for the Middle District of Florida
       Orlando Division
       U.S. Courthouse
       401 West Central Boulevard
       Suite 1200
       Orlando, Florida 32801-0120

Pursuant to the provisions of 28 U.S.C.A. §§ 1332, 1441 and 1446, Defendant, Target Corporation, hereby removes to this Court the action filed against it in the Circuit Court of the Ninth Judicial Circuit, in and for Osceola County, Florida, and as grounds for the removal of this action to the United States District Court for the Middle District of Florida, Orlando Division, this Defendant states as follows:

1. There is presently pending in the Circuit Court of the Ninth Judicial Circuit, in and for Osceola County, Florida, the following styled action: MICHELLE NARZE, Plaintiff, vs. TARGET CORPORATION, Defendant, bearing Case No.: 2016-CA-002903 ON.

2. That on or about November 21, 2016, the Plaintiff, Michelle Narze, filed a Complaint and Demand for Jury Trial in the Circuit Court of the Ninth Judicial Circuit, in and for Osceola County, Florida. The Osceola County Clerk of Court's Docket for Case No. 2016-CA-002903 ON; Civil Cover Sheet; Complaint and Demand for Jury Trial; Return of Service and Summons on Target Corporation (Served 11/30/16); Defendant, Target Corporation's, Answer to Plaintiff's Complaint and Demand for Jury Trial; and Plaintiff's Response to Defendant's Affirmative Defenses are attached to this Notice as **Composite Exhibit 1** as required by U.S.C. §1446(a).

3. That this Notice of Removal is founded upon diversity of citizenship jurisdiction pursuant to 28 U.S.C.A., Section 1332 and 28 U.S.C.A. Section 1441. The matter is between citizens of different States and the amount in controversy, excluding interest and costs, exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000).

4. That at all times material hereto, the Plaintiff in the above-styled action is a resident and citizen of the State of Florida residing in Osceola County, Florida. Target is a foreign corporation. For purposes of diversity, the single Defendant has its citizenship in states other than the State of Florida. The Defendant, Target Corporation, is incorporated in the State of Minnesota. The Defendant's, Target Corporation, principal place of business is 1000 Nicollet Mall, Minneapolis, Minnesota 55403. There is complete diversity of citizenship between the Defendant and the Plaintiff.

5. This case is properly removable under 28 U.S.C. §1441(a) since the Court has subject matter jurisdiction under Section 1332(a)(1). The initial Complaint was served on Target Corporation on November 30, 2016. The amount in controversy in the initial Complaint was not specified, other than "This is an action for damages in excess of $15,000.00". The Plaintiffs' Complaint states in paragraph 13 that as a result of the negligence of Defendant, "Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition. The losses are either permanent or continuing and plaintiff will suffer the losses in the future. Plaintiff has sustained permanent injuries within a reasonable degree of

medical probability." The Plaintiff did not provide the Defendant any information or records regarding the damages claimed as a result of the subject fall, until the Plaintiffs served her 1/11/2017 Verified Answers to Interrogatories (attached as **Exhibit 2**), and produced Plaintiff's Response to Request to Produce with records on 1/11/2017. This was the Defendant's first notice that the Plaintiff was claiming damages in excess of $75,000.00. The Plaintiff has not produced the claimed medical bills to date. However, the Plaintiffs' above-referenced discovery responses provide proof that her claim exceeds $75,000.00, by the following specific facts as to injuries and damages claimed by the Plaintiffs herein:

    a.    "I broke my right femur in a 90 degree angle. Metal plates were needed to repair the fracture. I just started walking with a cane. I was in a wheelchair for 4 months and then a walker." (Plaintiff's Answer to Interrogatory No. 11);

    b.    Plaintiff's Answer to Interrogatory No. 15 claims medical bills in the amount of "unknown at this time" from: Florida Hospital Celebration, Florida Hospital South, American Ambulance, JLR Medical Group – Anesthesia, Dr. Robert Meuret / Trauma Physicians Service, Family Health Care of Central Florida, Central Florida Quality Care Services, Central Florida Hospitalist Partners, Radiation Oncology Specialist, Florida Emergency Physicians, JSA Healthcare, Rotech Oxygen

and Medical Supplies, and Osceola Fire & Rescue ($542.80 – only bill amount provided);

    c.    Medical records produced include an 8/12/2016 right knee CT exam that reports "an acute, comminuted, intra-articular fracture of the distal femur. There is a comminuted oblique fracture component involving the distal femoral metadiaphysis with fracture line extending into the lateral femoral condyle articular surface with a very minimal step-off at the anterior lateral margin of the articular surface of 1 mm".;

    d.    Medical records produced also include an operative report reflecting on 8/13/2016 the Plaintiff underwent surgery consisting of an "open reduction, internal fixation, right distal femur fracture" by Dr. Robert Meuret.

This Notice of Removal is being filed within thirty (30) days of receipt of the Plaintiff's January 11, 2017 above-referenced discovery responses. See 28 U.S.C. Section 1446(b). The Defendant has not waived its right to removal. Accordingly, the damages sought are in excess of the jurisdictional requirement of this Court.

    6.    That venue properly rests with the Middle District of the United States District Court, Orlando Division because this action is being removed from the Circuit Court, Ninth Judicial Circuit, in and for Osceola County, Florida.

7. Defendant has filed with the Clerk of Circuit Court, Ninth Judicial Circuit, in and for Osceola County, Florida, a true and correct copy of this Notice of Removal pursuant to 28 U.S.C.A. 1446(e). See **Exhibit 3** attached.

8. That the undersigned attorney is authorized by Defendant, Target Corporation, to file this Notice of Removal.

9. That the undersigned attorney is licensed in the State of Florida and is authorized to practice in the United States District Court, Middle District of Florida.

WHEREFORE, Defendant, Target Corporation, respectfully requests that this Court assume jurisdiction of this action pursuant to 28 U.S.C.A. §§1332 and 1441.

Dated this 23rd day of January, 2017.

Respectfully submitted,

_____
**JAMES A. COLEMAN, ESQUIRE**
James A. Coleman, P.A.
Florida Bar No.: 0434711
612 East Colonial Drive, Suite 250
Orlando, Florida 32803
Telephone: (407) 219-5799
Facsimile: (407) 219-5788
Trial Counsel for Defendant,
Target Corporation
Emails: jcoleman@rclawpa.com
rcunningham@rclawpa.com
dthompson@rclawpa.com

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true copy hereof has been furnished by U.S. Mail this 23rd day of January, 2017 to **KEVIN A. BROWN, ESQUIRE,** Farah & Farah, P.A., 10 West Adams Street, 3rd Floor, Jacksonville, FL 32202.

**JAMES A. COLEMAN, ESQUIRE**
James A. Coleman, P.A.
Florida Bar No.: 0434711
612 East Colonial Drive, Suite 250
Orlando, Florida 32803
Telephone: (407) 219-5799
Facsimile: (407) 219-5788
Trial Counsel for Defendant,
Target Corporation
Emails:   jcoleman@rclawpa.com
          rcunningham@rclawpa.com
          dthompson@rclawpa.com

7